## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 18 2017, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darius Anderson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 18, 2017

Court of Appeals Case No.
71A04-1611-CR-2693

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1603-F3-20

**Crone, Judge.**

# Case Summary

[1] Darius Anderson appeals his convictions, following a bench trial, for two counts of level 3 felony attempted robbery. Anderson asserts that the State presented insufficient evidence to support his convictions. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

The evidence most favorable to the convictions indicates that on March 24, 2016, Candice Kramer and her friend Tiffany Hisler drove to Mishawaka to pick up Anderson and his friend Dwayne Johnson. Hisler and Johnson previously met on a dating website and had been talking to each other for a couple weeks. After picking up Anderson and Johnson, Kramer and Hisler drove back to Hisler's apartment in Michigan where all four of them hung out to "get to know each other" better. Tr. at 8. Toward the end of the evening, Kramer agreed to drive Anderson and Johnson back to Mishawaka, but Hisler told Johnson to give Kramer ten dollars for gas money. Johnson angrily gave Kramer ten dollars for gas but told Hisler he was going to "beat [Kramer's] ass." *Id*. at 49. On the way back to Mishawaka, the women sat in the front seat of the car, and the men sat in the back seat. As they were driving, Johnson texted Hisler that their relationship was over. Kramer could hear that Anderson and Johnson were having a mumbled conversation, but she could not make out what they were saying to each other. Unbeknownst to the women, Johnson and Anderson were discussing what was "about to happen." *Id*. at 85.

[2]     Johnson directed Kramer to drive to the very back of the parking lot by a dumpster located in the Hickory Village Apartments. When Kramer parked the car, Johnson and Anderson both pulled out handguns, pointed their guns at Kramer and Hisler, and aggressively demanded both women's belongings. Both men reached over the seat and tried to grab Kramer's bag that was sitting next to the middle console. Johnson also tried to grab the gas money from Hisler. Kramer held onto her bag, and as she tussled with both men, Johnson stated, "[G]ive me all your shit bitch. Give me all your shit." *Id.* at 41. Johnson then exited the car and tried to open the passenger-side door where Hisler was seated, but the door was locked. Simultaneously, Anderson exited the car and opened the driver's-side door and tried to pull Kramer and her bag from the vehicle. Anderson punched Kramer in the face during the scuffle, but she was able to keep control of her bag and shut and lock her door. Johnson and Anderson then fled the scene together while Kramer and Hisler drove to a church and called the police. When police eventually located Johnson and Anderson in a nearby apartment complex, they were still together.

[3]     The State charged Anderson with two counts of level 3 felony attempted robbery. Following a bench trial, the trial court found Anderson guilty as charged. The court sentenced Anderson to four years executed on each count, to be served consecutively, for an aggregate sentence of eight years. This appeal ensued.

## Discussion and Decision

[4]     Anderson contends that the State presented insufficient evidence to support his attempted robbery convictions. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id*. In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id*. at 500.

[5]     To convict Anderson of his offenses as charged, the State was required to prove beyond a reasonable doubt that, while armed with a deadly weapon, Anderson knowingly or intentionally attempted to take property from Kramer and Hisler by threatening the use of force. *See* Ind. Code §§ 35-42-5-1 (robbery), 35-41-5-1 (attempt). Additionally, a "person who knowingly or intentionally aids, induces, or causes another to commit an offense, commits that offense …." Ind. Code § 35-41-2-4. "It is well settled that there is no distinction between the responsibility of a principal and an accomplice." *Stokes v. State*, 919 N.E.2d 1240, 1245 (Ind. Ct. App. 2010), *trans. denied*. Anderson asserts that while the evidence is sufficient to prove that Johnson[1] was armed with a handgun and

---

[1] The record indicates that Johnson pled guilty to one count of level 3 felony attempted robbery. Tr. at 74. He testified at Anderson's bench trial as a prosecution witness.

attempted to take property from both women by threatening the use of force, there was an "evidentiary discrepancy" regarding whether Anderson was armed and his level of participation in these crimes, and therefore there was insufficient evidence to convict him as either a principal or an accomplice. Appellant's Br. at 8. We disagree.

[6] Kramer testified that both Anderson and Johnson were armed with handguns, both men pointed their guns at the two victims, and both men aggressively demanded both women's belongings. *See* Tr. at 15. This testimony was sufficient to support Anderson's convictions of attempted robbery as a principal with respect to both victims.

[7] Moreover, even assuming that Johnson was the principal perpetrator of the crimes, factors generally considered in determining whether a person has aided another in the commission of a crime include: (1) presence at the scene of the crime; (2) companionship with another engaged in a crime; (3) failure to oppose the commission of the crime; and (4) the course of conduct before, during, and after the occurrence of the crime. *Stokes*, 919 N.E.2d at 1245. All four factors overwhelmingly support a conclusion that Anderson knowingly or intentionally aided Johnson in the commission of two attempted robberies. Indeed, Anderson was no mere spectator to these crimes as he appears to suggest. The evidence shows that after Johnson directed Kramer to drive to the back of the parking lot, he and Anderson talked quietly about what was "about to happen." Tr. at 85. Anderson not only aggressively demanded both women's belongings while armed with a deadly weapon, but when Johnson exited the car and tried

to get money from Hisler, Anderson also exited the car and tried to grab Kramer's bag, punching her in the face during the struggle. The two men fled the scene together and were still together when located by police. In sum, the evidence supports Anderson's convictions as both a principal and an accomplice. Accordingly, we affirm.

[8]     Affirmed.

Baker, J., and Barnes, J., concur.